Battle, J.
The bill could not be sustained were the defendants within the jurisdiction of the courts of law of this State, for the reason that the law could give complete relief in an action of covenant on the warranty contained in the deed of defendants; but as they are non-residents, and have no property within the State, this Court will not permit the defendants to recover the purchase-money for the land, the title to which is admitted to be defective, leaving to the plaintiff the precarious remedy of suing in the courts of another State for the purpose of getting back the same by way of damages, in an action for the breach of the covenant of warranty.
But it is insisted for the defendants, that 'the plaintiff has no right to any relief in this Court, because he himself fraudulently procured the tract of land in question, to be inserted in the deed executed to him by the defendants, he himself knowing at the time, that he had purchased only the four other tracts mentioned in the said deed. If the allegation of this fact were sustained to our satisfaction by the proof, it would furnish a complete answer to the equity set up by the plaintiff. But the testimony of -the witness Flowers, which alone tends to support it, is too much weakened by that of the witness George Greene, to be allowed to affect the rights of the plaintiff as evidenced by the deed of the defendants.
*449 But they object, that the deed cannot avail the plaintiff for any purpose, because it was not admitted to registration upon a proper probate and order. This objection is not open to tii© defendants to be taken, for the first time, in this Court. They have, in their answer, admitted the execution of the deed in question, and a copy of it has been filed by the plaintiff as an exhibit, and has been transmitted to this Court, as a part of the testimony in the cause. It would be taking the plaintiff by surprise, if, under these circumstances, such an objection were permitted to. prevail.
The testimony does not support the defense suggested, rather than relied on, in the answer, that the contract of purchase was void, because it was. infected with maintenance. It does not appear that the plaintiff had any knowledge at the time he took the deed, that any person was in the possession of the land in question, claiming it adversely. The cases of Deaver v. Eller, 7 Ire. Eq. Rep. 24, and Barnes v. Strong, 1 Jones’ Eq. Rep. 100, referred to by the defendants’ counsel, do not apply. The first decides merely that a Court of Equity will restrain, by injunction, the assignor of an equitable claim from dismissing a suit at law, brought by the assignee, in the name of the assignor. The second is a case of rank champerty, where a son was to have half of the amount in controversy, upon the successful defense of a suit for an aged and infirm father.
Our opinion, therefore, is, that the plaintiff is entitled to have a perpetual injunction as to a part of the purchase-money; which part is to be ascertained by comparing-' the value of the land in dispute at the time of the purchase, with that of the other tracts purchased by the plaintiff, the title to which is good, supposing the whole to be worth the amount mentioned in the deed; and to ascertain this comparative value, there must be a reference.
It is manifest, from the proofs on file, that the injunction heretofore granted is for too great an amount, and it must be dissolved for the sum of $400, with the interest thereon since the *450 note became clue; and the cause will be retained for further directions.
PeR Ctjbiah. Decree accordingly.